# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,                ) | |
| )                                          | |
| Plaintiff,          ) | **ORDER DENYING MOTION** |
| )                                          | **TO REDUCE SENTENCE** |
| vs.                        ) | |
| )                                          | Case No. 2:15-cr-93 |
| Damian Mata,                           ) | |
| )                                          | |
| Defendant.       ) | |

Before the Court is Defendant Damian Mata's "Ex Parte: Emergency Pro Se Motion for Compassionate Release under the Coronavirus Aid, Relief, and Economic Security Act ('CAREACT')" filed on June 1, 2020.  Doc. No. 88.  The Government responded in opposition to the motion on June 15, 2020.  Doc. No. 89.  It is not entirely clear whether Mata seeks a reduction in his sentence to time served under 18 U.S.C. § 3582(c)(1)(A) (as the caption of the motion suggests) or a transfer to home confinement to serve the remainder of his sentence (as the body of the motion suggests).  In light of Mata's *pro se* status, the Court will construe the motion as requesting both types of relief.

The Court may not consider a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Mata makes no mention of submitting a request for compassionate release to the warden at FCI Beaumont Medium I, nor was such a request attached to his motion.  Further, the Bureau of Prisons has no record of any request having been made.  Doc. No. 89-1.  Accordingly,

to the extent that the motion (Doc. No. 88) requests compassionate release, the motion is **DENIED WITHOUT PREJUDICE**.

Any motion for transfer to home confinement made by Mata also fails. The Court lacks jurisdiction to consider requests for transfer to home confinement. See United States v. Brown, No. 12-cr-172(3) (SRN), 2020 U.S. Dist. LEXIS 69965, at *6 (D. Minn. Apr. 21, 2020). A request for transfer to home confinement is essentially for a request for a change in the location of confinement rather than the length of confinement. Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP possesses the exclusive authority to determine the placement of prisoners. Id. at *5; see also United States v. Kluge, No. CR 17-61 (DWF), 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020). While the First Step Act expanded release opportunities for inmates, "it is BOP—not the courts—who decides whether home detention is appropriate" and Congress did not "mandate any particular home confinement decision." Brown, 2020 U.S. Dist. LEXIS, at *5–6 (quoting United States v. Yates, No. 15-40063-01-DDC, 2019 WL 1779773, *4 (D. Kan. Apr. 23, 2019)).

Further, even if courts had the authority to determine the placement of prisoners, Mata likely filed his motion for transfer to home confinement in the wrong court. Mata's motion is best construed as one made pursuant to 28 U.S.C. § 2241 because he "seeks relief affecting how [his] sentence is executed, i.e., serving [his] sentence in home confinement as opposed to confinement in prison to which [he] was sentenced, and not a reduction or release from [his] sentence (i.e. a compassionate release)." United States v. Taylor, No. CR 3:18-282, 2020 WL 2084974, at *5 (M.D. Pa. Apr. 30, 2020). A defendant may only seek § 2241 relief in the district in which he is in custody. Id. (citing United States v. Figueroa, 349 F. App'x 727, 730 (3d Cir. 2009)). This Court has no jurisdiction over Mata's motion, as he was not detained within this district at the time

of filing.[1]   Accordingly, to the extent that the motion (Doc. No. 88) requests a transfer to home confinement, the motion is **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court

---

[1] FCI Beaumont Medium I is located within the Eastern District of Texas.

3